```
                                                              FILED
           IN THE UNITED STATES DISTRICT COURT          U.S. DISTRICT COURT
           DISTRICT OF UTAH - CENTRAL DIVISION
                                                          2007 NOV 21  P 3: 02
```

| | |
|---|---|
| KIRK IRVING KOSKELLA<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | DISTRICT OF UTAH<br><br>BY:_____<br>   DEPUTY CLERK<br><br>**ORDER**<br><br>Case No. 2:05-CV-789<br>(Criminal Case No. 2:00-CR-594) |

This case is before the Court pursuant to Petitioner Kirk Irving Koskella's pro se pleading entitled "Petition for Writ of Habeas Corpus" filed by and through Earl-Rudolph Koskella. Initially, this Court interpreted this petition as an unauthorized attempt by Koskella to file a second and successive motion under 28 U.S.C. § 2255. Therefore, on May 1, 2007, this Court transferred the case to the Tenth Circuit pursuant to the gatekeeping requirements of § 2255 para. 8 and § 2244(b). The Tenth Circuit held that the claim presented in Koskella's "Petition for Writ of Habeas Corpus" did not assert any claim seeking to vacate, set aside or correct his sentence under § 2255, and remanded the case to this Court for a determination on Koskella's petition.

In examining Koskella's petition, it is difficult for this Court to know the exact nature of Koskella's challenge. But a document filed pro se is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, this Court will address each issue raised in the petition, and will construe each of these issues broadly. Koskella first alleges that he is being imprisoned in California, "without any authority of law, for a supposed criminal matter [sic] the precise nature whereof is to the petitioner/prisoner unknown." Petition for Writ of Habeas Corpus, Doc. 1. Koskella next alleges that he has demanded from the United States Attorney

a copy of the warrant for his arrest, but the United States Attorney has refused to provide him with such a copy. *Id*.

Inasmuch as Koskella is alleging that he does not know the reason he is being held in prison, the Court finds this allegation is without merit. On December 12, 2000, Koskella pled guilty to conspiracy to defraud the Internal Revenue Service and wire fraud. It is for these charges that Koskella is incarcerated in the federal prison in California. Attached to this Oder is a copy of Koskella's plea agreement and Criminal Information (designating all the criminal charges brought against Koskella in this case). Therefore, this claim is DISMISSED WITH PREJUDICE.

Inasmuch as Koskella is alleging that this Court never reviewed his initial petition for habeas relief, again the Court finds this allegation is without merit. On March 3, 2005, Koskella filed a "Motion to Vacate a Void Judgment" under 28 U.S.C. § 2255. Case No. 2:04-CV-1186, Doc. 1. On May 19, 2005, the government was ordered by the Court to respond. Case No. 2:04-CV-1186, Doc. 33. The government then filed their response on June 28, 2005. Case No. 2:04-CV-1186, Doc. 72. After reviewing all briefing associated with this motion, the Court then denied Koskella's motion. A copy of this Order is attached. Therefore, this claim is DISMISSED WITH PREJUDICE.

Inasmuch as Koskella is alleging that his transfer to a federal prison in California constitutes an unlawful execution of his sentence, such a petition must by filed under 28 U.S.C. § 2241 in the district of California. A claim under § 2241, which challenges the execution of a sentence, "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). This Court, therefore, lacks jurisdiction to address such a claim.

Accordingly, Koskella's petition on these grounds is DENIED WITHOUT PREJUDICE, for want of jurisdiction.

In addition, Koskella has filed several substantive and procedural motions in support of this petition. The Court, having dismissed the underlying petition of this case, finds the remaining motions moot and, therefore, DENIES these motions. Specifically, the following motions, as styled by Koskella, are DENIED: Motion to Appoint Technical Counsel (Doc. 9); Motion for Issuance of Subpoenas (Doc. 9); Motion for Oder to Show Cause (Doc. 10); Motion for Order to Show Cause (Doc. 11); Motion for Order to Show Cause (Doc. 12); Motion for Order to Show Cause (Doc. 13); Motion for Summary Judgment (Doc. 24); Motion to Vacate Judgment (Doc. 36); and Motion for Entry of Judgment (Doc. 44).

Furthermore, in accordance with the plea agreement signed by Koskella, the Court will no longer entertain motions from Koskella that collaterally attack his plea or sentence, whether filed under 28 U.S.C. § 2255 or otherwise, unless directed to do so by the United States Court of Appeals for the Tenth Circuit.

IT IS ORDERED.

DATED this 19th day of November, 2007.

Dee Benson
United States District Judge