IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2008 FEB 27 P 3: 08
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| KIRK IRVING KOSKELLA<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER**<br><br>Case No. 2:05-CV-789<br>(Criminal Case No. 2:00-CR-594) |

Kirk Irving Koskella, proceeding pro se, has filed a motion to vacate the Court's November 19, 2007 Order denying his Petition for Writ of Habeas Corpus. Mr. Koskella has filed this motion pursuant to Federal Rules of Civil Procedure 60(b)(3) and (4), alleging conflict of interest and judicial misconduct.

## Discussion

Under Rule 60(b)(3) a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(4) allows relief where the original "judgment is void." Fed. R. Civ. P. 60(b)(4). Relief under either provision, however, "is extraordinary and may only be granted in exceptional circumstances." *Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 994 (10th Cir. 1996) (quotation omitted).

### I.     Rule 60(b)(3)

To prevail on a motion to vacate under Rule 60(b)(3), Mr. Koskella must demonstrate by clear and convincing evidence that the November 19, 2007 Order was the result of a fraud on the Court. *See Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). "Generally speaking, only the most egregious misconduct, such as bribery of a judge . . . will constitute a fraud on the

court." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Therefore, to prevail under this provision, Mr. Koskella must show that the "impartial functions of the court have been directly corrupted." *Bulloch v. United States*, 763 F.2d 1115, 1118 (10th Cir. 1985).

Mr. Koskella's unsupported allegation that the Court has a conflict of interest in this case because it is a named defendant in a California state criminal case, cannot meet this standard. First, the allegation is false. Second, Mr. Koskella has failed to show how involvement in an unrelated case would result in a conflict of interest in this case. Accordingly, Mr. Koskella's motion to vacate under Rule 60(b)(3) is DENIED.

## II. Rule 60(b)(4)

Mr. Koskella's motion fails under Rule 60(b)(4) for the same reasons. Similar to Rule 60(b)(3), Rule 60(b)(4) requires the movant to demonstrate that there was a defect in the integrity of the Court's original order, making the judgment void. *See United States v. Eaton*, 223 Fed. Appx. 798 (10th Cir. 2007). Mr. Koskella has presented no new facts or allegations to support relief under Rule 60(b)(4). Therefore, for the reasons stated above, Mr. Koskella's motion to vacate under Rule 60(b)(4) is also DENIED.

### Conclusion

For the foregoing reasons, Mr. Koskella's motion to vacate the Court's November 19, 2007 Order pursuant to Federal Rules of Civil Procedure 60(b)(3) and (4) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of February, 2008.

Dee Benson
United States District Judge